UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Oscar Perez-Marquez,

         Plaintiff

  v.

Joe Lombardo,[1] et al.,

         Defendants

Case No.: 2:23-cv-00938-CDS-BNW

**Order Overruling Plaintiff's Objection, Adopting Magistrate Judge's Report and Recommendation, and Closing Case**

[ECF Nos. 3, 4]

      Pro se plaintiff Oscar Perez-Marquez, who is currently incarcerated by the Nevada Department of Corrections, brings a civil-rights complaint under 28 U.S.C. § 1331, alleging that because he notified defendants Governor Joe Lombardo, United States Attorney General Merrick Garland, FBI Director Christopher Wray, Attorney General Aaron Ford, and United States District Judge Gloria M. Navarro that Senate Bill No. 182 is facially defective, "their neglect ha[s] depriv[ed] [his] rights under the color of law." ECF No. 1-1 at 6. Perez-Marquez seeks: (1) monetary damages, (2) a criminal investigation, and (3) a trial. *Id.* at 7. After screening the complaint, Magistrate Judge Brenda Weksler recommends that I dismiss Perez-Marquez's complaint "because it lacks an arguable basis either in law or in fact." R&R, ECF No. 3 at 2. Perez-Marquez objects to the Report and Recommendation (R&R). ECF No. 4. Having considered the objection and the R&R, I agree with Judge Weksler, adopt the R&R in full, overrule Perez-Marquez's objection, and direct the Clerk of Court to close this case.

**I.    Legal standard**

      "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute

---

[1] Perez-Marquez spelled this defendant's name "Lumbardo," but I liberally construe it as "Lombardo," the Nevada Governor's name.

makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). And it is well established that courts must liberally construe documents filed by *pro se* litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II.   Discussion

### a.   The R&R

The R&R details the deficiencies of Perez-Marquez's complaint and discusses a recent Nevada Supreme Court case addressing a similar issue. ECF No. 3 at 2 (citing *State v. Taylor*, 472 P.3d 195 (Nev. 2020)). And the R&R notes that there are at least ten similar actions filed in this district challenging the constitutionality of Senate Bill 182 and of the Statute Revision Commission. *Id.* Each of those challenges was unsuccessful, including a previous challenge by Perez-Marquez.[2] *Id.* Thus, Judge Weksler recommends that the complaint be dismissed "because it lacks an arguable basis either in law or in fact." *Marquez-Perez v. Nevada*, 2022 WL 14874980, at *2 (D. Nev. Oct. 25, 2022) (collecting cases) (citing *Igbinovia v. McDaniel*, 2010 WL 5288167, at *2 (D. Nev. Dec. 17, 2010) ("All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact.")).

---

[2]   *Marquez-Perez v. State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA.

   b. *Perez-Marquez's objection to the R&R.*

  "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a *de novo* review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

  As part of his objection, Perez-Marquez attaches copies of documents about the Statute Revision Commission. ECF No. 4 at 7–8. But these provide no support for his argument that the act creating a committee that compiled, organized, and revised the Nevada Revised Statutes is somehow improper. Perez-Marquez also relies on *State ex rel. Bible v. Malone*, which held that "an unconstitutional law cannot create an office." *State ex rel. Bible v. Malone*, 68 Nev. 32, 44, 231 P.2d 599, 602 (1951). Yet under *Malone*, "[a]n office created by an unconstitutional act does not continue as valid and existing **until declared unconstitutional by a court**[.]" *Id.* at 45. (emphasis added). To date, no court has declared Senate Bill 182—or the 1951 Statute Revision Commission it established—unconstitutional. In fact, the Nevada Supreme Court upheld the act, finding that the justices participating in the commission did not violate a constitutional provision. *Taylor v. State*, 136 Nev. 885, 472 P.3d 195 (Nev. 2020). "[T]he Legislature enacts the actual laws of Nevada, while the Legislative Counsel Bureau—which succeeded the statute revision commission—codifies and classifies those laws as the Nevada Revised Statutes, grouping laws of similar subject matter together in a logical order, but not itself exercising the legislative function." *Id.* Thus, because Perez-Marquez did not show that the findings in the R&R are erroneous or contrary to law, the objection is overruled.

  Perez-Marquez's second objection appears to be a modified version of the allegations set forth in his complaint. ECF No. 4 at 4–6. He essentially recycles his previous arguments in an attempt to relitigate his case. However, "[o]bjections to an R&R are not a vehicle to relitigate

the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021). Moreover, "[i]t is well settled that an objecting party may not 'submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.'" *Espaillat v. Saul*, 2020 WL 5087030, at *2 (S.D. Fla. Aug. 28, 2020) (citations omitted); *Alcantar v. Madden*, 2022 WL 4554361, at *1 (C.D. Cal. Sept. 28, 2022). Therefore, because Perez-Marquez fails to object with specificity as required by Rule 72, I am permitted to overrule the objection without further analysis.

Having conducted a de novo review of the R&R and of Perez-Marquez's objections, I find that he failed to demonstrate either that his case has a basis in law or fact or why the R&R should not be adopted. Thus, the magistrate judge's recommendation to dismiss Perez-Marquez's complaint is correct and must be affirmed.

### III. Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's R&R **[ECF No. 3] is ADOPTED** in its entirety, and Perez-Marquez's objection to the R&R **[ECF No. 4] is OVERRULED**.

IT IS FURTHER ORDERED that Perez-Marquez's complaint **[ECF No. 1-1] is DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED: August 24, 2023

_____
Cristina D. Silva
United States District Judge